UNITED STATES of America, Plaintiff–Appellee,

v.

John Hancox FORD, Defendant–Appellant.

No. 89–3205.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 28, 1989.

Decided Nov. 27, 1989.

Gregory G. Lockhart (argued), Office of the U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Michael T. Gunner (argued), Columbus, Ohio, for defendant-appellant.

Before: KENNEDY and NELSON, Circuit Judges; and WISEMAN, Chief District Judge.*

KENNEDY, Circuit Judge.

Defendant John Hancox Ford pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine and one count of possession with the intent to distribute cocaine. Ford was originally charged with six counts of an eight count indictment, but pursuant to a plea agreement the government dismissed four of these counts in return for Ford's guilty plea on the other two. On appeal, Ford challenges only his sentence. We affirm.

Before the District Court imposed sentence, the United States Probation Department prepared a presentence report. In preparing the report, the Department interviewed Ford, who chose to cooperate with the Department in a successful attempt to gain a reduction in his sentence for accepting responsibility for his crimes. Ford raised several objections to the Department's report and was successful in lowering his Federal Sentencing Guidelines score from a Category I, combined base offense level 24 to a Category I, combined base offense level 18. For this offense level, the Guidelines provide for twenty-seven to thirty-three months imprisonment, supervised release of three to five years, and/or a fine of ten thousand to two million dollars plus costs of imprisonment and/or supervision.

The District Court sentenced Ford to thirty-two months imprisonment and five years supervised release on each count, to be served concurrently, and a special assessment of one hundred dollars. Though not required to do so, the court chose to state its reasons for imposing a specific sentence within the Guideline range. The court stated that "the cocaine in question was of a very high quality and very high purity, 92.9 percent. And the transaction was an attempt to distribute cocaine from Florida to Ohio with the defendant being the most culpable of the two defendants involved in the attempted transaction."

Ford objects to the specific sentence imposed even though it was within the Guideline range. Two arguments are raised. First, Ford asserts that the court should have given him advance notice of and a chance to rebut the court's assertion that the cocaine involved in the transaction "was of a very high quality and very high

---

* The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Mid- dle District of Tennessee, sitting by designation.

purity."[1] Second, Ford asserts that the District Court violated the double jeopardy clause by taking the defendant's statements to the Probation Department into account during two phases of sentencing.

 Ford and his attorney received a copy of the presentence report, including the portion which stated that the cocaine was 92.9% pure. While numerous other objections were made and resolved, the defendant made no objection to the report's finding that the cocaine was 92.9% pure. Further, the court gave both the defendant and his counsel the chance to comment on the report and other matters the defendant or counsel believed relevant to sentencing. Having not contested the purity of the cocaine and having chosen not to address the relevance of the cocaine's purity to the sentence, the defendant now asserts that we should vacate his sentence and remand the case for resentencing. We disagree.

In support of his position, the defendant cites *United States v. Otero*, 868 F.2d 1412 (5th Cir.1989). In *Otero*, the trial court departed upward from the Sentencing Guidelines range in part because the court believed that 93% purity was "unusually high purity" for cocaine. The trial court apparently had not given Otero notice that it considered 93% pure cocaine to be unusually pure or that it was considering upward departure based in part on the relative purity. *Id.* at 1413, 1415. On appeal a panel of the Fifth Circuit reversed, finding, first, that the trial judge violated Fed.R.Crim.P. 32(a)(1) by not notifying the parties of his intention to depart from the guidelines because of the cocaine's relative

purity, and, second, that "because the parties did not have an opportunity to address the issue, there was no evidence on which the District Court could determine whether cocaine that is 93% pure is of 'unusually high purity.'" *Id.* at 1415.

 We believe the trial judge gave Ford an adequate opportunity to address the court on matters related to his sentence. While Rule 32(a)(1) requires a court to give the defendant's attorney and the government "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence," we do not believe this requires a judge in all cases to give the parties advance notice of and a chance to comment on the judge's interpretation of the facts.[2] All interpretations, judicial or otherwise, involve the assumption of some underlying facts. We cannot require trial judges to reinvent the wheel every time a judge reaches a decision. While there may be rare cases where an interpretation involves the assumption of facts so far removed from the experience of criminal defendants and criminal attorneys that notice will be required, this is not such a case.[3]

 We also reject the defendant's assertion that it was unreasonable for the District Court to conclude that 92.9% pure cocaine was "very high quality and very high purity." We believe that any experienced trial judge would draw the same conclusion. A judge is not only entitled to draw upon his experience when sentencing defendants, but should be encouraged to do so.[4] It would be irrational and burdensome

1. Initially, the government argues that this court lacks jurisdiction to hear the first issue appealed by the defendant since the sentence itself falls within the applicable guideline range. We need not decide this question since we reject the defendant's underlying claim.

2. We express no opinion as to whether additional disclosures would be required in departure cases such as *Otero*.

3. Further, if Rule 32(a)(1) were interpreted to require judges to allow the parties to comment on the judge's view of the facts, then a judge in all cases would be required to set forth in advance his reasons for imposing a specific sentence within the guideline range. This court

recently declined to require a judge to specify his reasons for imposing a specific sentence within the guidelines. *U.S. v. Duque*, 883 F.2d 43 (6th Cir.1989). Our reading of Rule 32(a)(1) does not compel a different conclusion.

4. District court judges are commonly called upon to draw inferences about a defendant's conduct from the purity of the cocaine the defendant is alleged to have possessed. *See, e.g., United States v. Richardson*, 848 F.2d 509 (5th Cir.1988) (where defendant was charged with possession of cocaine with intent to distribute, substantial evidence supported the district court's finding of guilt where drug officer testified, in part, that 84% pure cocaine is usually

to require judges to obtain expert testimony on sentencing matters with which the judge, criminal defense attorneys, and convicted defendants are all well acquainted.[5] To the extent *Otero* stands for the proposition that an experienced trial judge must take additional evidence before concluding that 92.9% pure cocaine is of very high quality and purity, we refuse to follow it.

■ Finally, Ford argues that using the information he gave to the Probation Department both to grant him a reduction in his base offense level for acceptance of responsibility and to impose a sentence near the high end of the guideline range placed him in double jeopardy. This contention is without merit. The double jeopardy clause prevents an individual from being retried for the same offense after a prior acquittal or conviction or from receiving multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In this case, the defendant was tried and sentenced only once for his crimes. The fact that the judge considered evidence at two points in his thinking—to both decrease the range of possible sentences for acceptance of responsibility and to increase the actual sentence the defendant received within that range—in no way implicates the defendant's double jeopardy rights. *Cf. United States v. Towers*, 775 F.2d 184, 191–92 (7th Cir.1985) (holding that use of information both to find a defendant is subject to an enhanced sentence as a dangerous drug offender and to determine the particular enhancement to be given does not violate double jeopardy).

Accordingly, the defendant's sentence is AFFIRMED.

indicative of wholesale distribution); *United States v. Matra*, 841 F.2d 837 (8th Cir.1988) (district court properly refused motion for acquittal on charge of cocaine possession with intent to distribute where defendant was shown to be in charge of a drug house containing a large quantity of 92% pure cocaine); *United States v. LaGuardia*, 774 F.2d 317 (8th Cir.1985) (district court properly denied defendants' motion for acquittal on cocaine distribution charge where evidence showed, in part, that cocaine packets were 96–99% pure).

5. The defendant does not contend, nor could he, that drug purity cannot be used as a factor in drug sentencing.