NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0093n.06

No. 12-1061

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| SCOTT A. HERRICK, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | | OPINION |

Before: NORRIS, MOORE, and DONALD, Circuit Judges.

**Bernice B. Donald, Circuit Judge**. Scott Allen Herrick pleaded guilty to two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2)(A) and (b)(1) and 18 U.S.C. § 2256(8)(A); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and 18 U.S.C. § 2256(8)(A). After a bench trial, Herrick was found guilty of three counts of sexual exploitation of children for attempting to produce sexually explicit images of children, in violation of 18 U.S.C. § 2251(a) and (e). Herrick was sentenced to 1,140 months' imprisonment. He now appeals, alleging that the district court erred in relying on the testimony of a jailhouse informant and that his sentence is procedurally and substantively unreasonable. For the following reasons, we affirm.

I.

On April 24, 2010, the Federal Bureau of Investigation (FBI) conducted an undercover investigation into child pornography that was being shared on peer-to-peer networks. An FBI agent "befriended" online users in an attempt to get the users to share files. One of the individuals he "befriended" on the network used the username "Joshiex." The files available for sharing under the username "Joshiex" indicated that the files contained child pornography. The agent was able to download several video files of child pornography from "Joshiex's" files. Nearly two months later, the agent again established contact with "Joshiex" and observed that the user had roughly 436 video and image files with names indicating that they contained child pornography. The agent determined that the internet protocol address used by "Joshiex" was assigned to Herrick, who was located at the Gerber Boy Scout Camp in Twin Lake, Michigan.

Honorably discharged from the United States Marine Corps in 1995, Herrick was serving as a camp director for the Boy Scouts of America in Western Michigan. Because Herrick was living at the camp and the point of access for the internet used for the peer-to-peer network originated at the camp, federal agents executed a search warrant for the entire camp. After executing the warrant, agents seized Herrick's desktop computer. A forensic examination revealed that the desktop's hard drive contained a peer-to-peer network with the username "Joshiex" and images of child pornography. Herrick subsequently admitted to using the username "Joshiex" and to downloading, distributing, and possessing child pornography.

Herrick was asked if he possessed a laptop computer. He indicated that he had gotten rid of his laptop a year earlier; however, other camp staff members reported seeing Herrick with his laptop only a week prior to the search. The laptop was eventually recovered, but the internal hard drive had been removed. Nearly six weeks later, in the midst of a renovation at the camp, a bag containing the laptop hard drive and recordable CDs and DVDs, as well as erotic paraphernalia was recovered from the ceiling of one of the buildings. In total, the investigation of the hard drives and the disks revealed approximately 100,000 images of child pornography.

The investigation also uncovered Herrick's attempts to delete videos from his desktop computer that were created using his cell phone. The videos depicted third-grade boys undressing in a YMCA locker room, where Herrick also worked as a water safety instructor. Some of the videos contained images of the boys' genitals.

Herrick was arrested and charged with child pornography and child exploitation related offenses.

At trial, the government called Randy Sanders to testify against Herrick. Sanders shared a bunk with Herrick while they were both in custody prior to Herrick's trial. Sanders testified that Herrick told him that "he was gay, that he likes guys and little boys. And he had stated to me that he had- - had molested a young boy before." Sanders also testified that Herrick told him about setting up a camera to record the boys. Sanders believed that Herrick derived sexual pleasure from the videos.

After hearing all of the evidence, the district court found Herrick guilty on three counts of sexual exploitation of children. The advisory Guidelines range was life in prison; however, because none of the counts of conviction individually provided for a life sentence, the combined statutory maximum on all six counts amounted to an advisory Guidelines range recommendation of 1,680 months' imprisonment. The district court sentenced Herrick to the statutory minimum of 180 months on each of the three sexual exploitation of children counts, to be served consecutively.

On the two distribution counts, to which he pleaded guilty, Herrick was sentenced to the statutory maximum of 240 months, to be served consecutively. On the possession charge, to which he also pleaded guilty, the district court imposed the statutory maximum of 120 months' imprisonment, to run consecutively. Herrick was sentenced to a total of 1,140 months' imprisonment, followed by a lifetime of supervised release. Herrick timely appealed.

II.

Herrick challenges his convictions based on a sufficiency of the evidence argument. Specifically, he contends that Sanders was not a credible witness and that had the court not relied upon his testimony, the remaining evidence would have been insufficient to sustain his convictions. If, after a bench trial, a defendant challenges the sufficiency of the evidence, "we must determine whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 840 (6th Cir. 2005) (quoting *United States v. Bashaw*, 982 F.2d 168,

171 (6th Cir. 1992)). The defendant's burden is a heavy one. *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001). "In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the [trier of fact]." *Id*. (internal quotations omitted).

Herrick's challenge is essentially a direct attack on witness credibility. Only in rare instances will we override a district court's credibility determination, and this is not one of those instances. *See United States v. Caraway*, 411 F.3d 679, 683 (6th Cir. 2005). Taking into account the sexually explicit nature of the videos and images of child pornography found on Herrick's computer, the district court was well within its right to credit Sanders's testimony that Herrick made videos of young boys in states of undress so that he could "ejaculate." Moreover, even without Sanders's testimony, the videos themselves were enough to support a conviction for the sexual exploitation of children. Accordingly, we find that the evidence presented was sufficient for the district court to conclude that Sanders was credible.

## III.

Herrick next argues that his 1,140 month sentence was substantively and procedurally unreasonable. We review challenges to the reasonableness of a sentence under an abuse of discretion standard. *United States v. Brooks*, 628 F.3d 791, 795 (6th Cir. 2011). When reviewing the procedural reasonableness of a sentence, we look to factors such as whether the court treated the Guidelines as mandatory or failed to consider the § 3553(a) factors. *Gall v. United States*, 552 U.S.

38, 51 (2007). In determining substantive reasonableness, we examine the totality of the circumstances. *Id*. A sentence within the Guidelines range is presumed to be reasonable. *Id*.

In arguing procedural reasonableness, Herrick claims that when evaluating the § 3553(a) factors, the district court failed to take into consideration his personal history, remorse for his behavior regarding the offenses of conviction, and his years of service to his country and community. The record does not support such a contention.

The district court specifically addressed the many awards and commendations Herrick received while he was a member of the United States Armed Forces, as well as the Boy Scouts of America. The court noted, however, that despite these positive achievements, Herrick still managed to "descend[] into a world of child pornography with the attendant degradation of young children." The district court also read and considered numerous letters of support attesting to Herrick's many life challenges and acknowledged that there were times that Herrick was a helpful and productive member of society.

The district court was, however, troubled by Herrick's claim of remorse. While noting that in a letter to the court Herrick appeared to be genuinely remorseful, the district court was deeply troubled by Herrick's choice to lie to the therapist, Ronald Grooters, who evaluated him, claiming that he recorded the video in the locker room as a result of a cell phone malfunction. The district court also credited Grooters's opinion that, given the opportunity, there is a moderate to high risk that Herrick would again view or take child pornography pictures. Given that the district court

considered these aforementioned mitigating factors in accordance with § 3553(a), we find Herrick's

sentence to be procedurally reasonable.

Looking at the circumstances as a whole, Herrick has also failed to rebut the presumption of

substantive reasonableness. The advisory Sentencing Guidelines range was a life sentence, but

because none of the counts of conviction provided for life in prison, Herrick's advisory sentence,

using statutory maximums, was 1,680 months. Herrick's argument that his sentence is unreasonable

because the district court ordered his many sentences to run consecutively is without merit. United

States Sentencing Guideline § 5G1.2(d) permits the court to impose consecutive sentences where

the statutory maximum is less than the total punishment, in this case life in prison. Moreover,

because Herrick's sentence was below the advisory range and the district court was permitted to

impose consecutive sentences, Herrick's argument that the lengthy sentence violated the Eighth

Amendment's prohibition on cruel and unusual punishment is also without merit where the

Guidelines have clearly contemplated "the gravity of the offense and the harshness of the penalty."

*See Solem v. Helm*, 463 U.S. 277, 292 (1983).

IV.

For the foregoing reasons, we affirm the judgment of the district court.