RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0014p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DALEN KING,

*Defendant-Appellant*.

> Nos. 18-3416/3417

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:11-cr-00381-1—Solomon Oliver, Jr., District Judge.

Decided and Filed: February 1, 2019

Before: CLAY, McKEAGUE, and WHITE, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Catherine J. Adinaro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

## OPINION

───────────────

McKEAGUE, Circuit Judge. Dalen King faced the possibility of serving sixty-one months in prison for multiple drug-possession convictions and violations of supervised release. But after considering all the circumstances surrounding King's offenses, the district judge ordered him to serve only thirty-six months in prison. The first thirty months were punishment for King's drug convictions and the final six months for the violations of supervised release. The judge called the sentence "a blessing." King argues that it was procedurally unreasonable.

Specifically, King asserts that the district judge failed to sufficiently explain why he ordered that the six-month prison sentence for the supervised release violations run consecutively to, rather than concurrently with, the thirty-month prison sentence for the drug convictions. Finding no error in the adequacy of the district judge's explanation, we **AFFIRM**.

**I.**

In 2011, King pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He received a sentence of forty-six months' imprisonment followed by three years of supervised release. Supervision began on September 25, 2015.

King struggled to comply with the terms of his supervision. Two years after it began, the U.S. Probation Department filed a notice with the district court detailing multiple supervised release violations, including unauthorized use of drugs and failure to comply with substance abuse treatment. King was also suspected of moving to a new residence without informing his probation officer, possessing a firearm, and selling cocaine from his new residence. Federal officers obtained a warrant to search King's residence, which they executed in September 2017.

In the course of the search, officers discovered various contraband, including airsoft pistols, baggies of marijuana, scales, and a cell phone. They also found King—hiding in a closet with his hands down the back of his shorts. King's behavior made officers suspicious that he was attempting to hide drugs on his person. King, however, repeatedly denied possessing anything illegal. Officers arrested King and transported him to the U.S. Marshal's facility in the Akron Federal Courthouse. During their strip search of King at the federal facility, officers discovered a plastic baggie containing cocaine and cocaine base.

A federal grand jury subsequently indicted King for three drug offenses: possessing with intent to distribute cocaine (Count 1) and possessing with intent to distribute cocaine base (Count 2), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possessing cocaine and cocaine base while a prison inmate[1] (Count 3), in violation of 18 U.S.C. § 1791(a)(2). King pleaded guilty to all charges.

---

[1]This charge was based on the officers' discovery of cocaine and cocaine base during their strip-search of King at the federal facility.

King's probation officer thereafter filed an updated supervised release violation report with the district court, adding new allegations based on King's drug convictions and his failure to report a residence change.  The report also reiterated the earlier report's allegations that King failed to comply with substance abuse treatment and had tested positive for drug use.  King later admitted to committing all alleged violations.

On April 20, 2018, the district court held a combined sentencing and supervised release violation hearing.  At the hearing, the court addressed the recommended term of imprisonment for the drug convictions and the supervised release violations in turn.  The U.S. Sentencing Guidelines recommended a thirty- to thirty-seven-month prison sentence for the drug convictions and a twenty-four- to thirty-month prison sentence for the supervised release violations.  The applicable statute, however, placed the maximum term of imprisonment for the supervised release violations at twenty-four months.  *See* 18 U.S.C. 3583(e)(3).  The Government urged the court to impose a prison "sentence within the Guidelines range" for the drug convictions and a consecutive prison sentence of twenty-four months for the supervised release violations.  King requested a total combined sentence falling below the Guidelines range.  In his sentencing memorandum, but not at the hearing, King had also argued that the sentences should run concurrently.

After considering the parties' arguments, the court sentenced King to an aggregate term of thirty-six months in prison—a thirty-month term for King's drug convictions and a consecutive six-month term for his supervised release violations.  The court then asked counsel if there were any objections.  Defense counsel replied, "No, your Honor."

**II.**

King's sole argument on appeal is that his sentence was procedurally unreasonable because the district court failed to explain its rationale for ordering that the sentences run consecutively.  Normally, we review sentences "under a deferential abuse-of-discretion standard." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  But "[w]here a party has failed to object to a procedural defect" at the sentencing hearing, "we review claims of procedural unreasonableness for plain error." *Id.*

(citing *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc)). As King concedes, he did not raise any objections at his hearing. Accordingly, we apply the plain-error standard of review. To satisfy that standard, King must show "(1) error (2) that was obvious or clear, (3) that affected [King's] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation omitted). This is a demanding standard. As we have observed, a "plain error" is an error that is "so plain that the trial judge was derelict in countenancing it." *Vonner*, 516 F.3d at 386 (citation and alterations omitted). King fails to show that the district judge committed any error at all, let alone a "plain" one.

When imposing multiple sentences of imprisonment at the same time, a district judge has discretion to order that they run concurrently or consecutively. 18 U.S.C. § 3584(a). The exercise of that discretion, however, is predicated on the judge's "consideration of the factors listed in 18 U.S.C. § 3553(a)"[2] and "any applicable Guidelines or policy statements issued by the Sentencing Commission." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citing 18 U.S.C. § 3584(b)). The policy statement applicable here, U.S.S.G. § 7B1.3(f), provides:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

This policy statement "is not binding on the district court"—indeed, construing it as binding "would be reversible error." *Johnson*, 640 F.3d at 208 (citation omitted). Nonetheless, the district court "must *consider* § 7B1.3(f) when it is applicable . . . ." *Id.* (emphasis added) (citations omitted). Normally, evidence that the court considered § 7B1.3(f) (or any other policy statement) comes in the form of an "explicit reference" to the provision at the sentencing hearing. *United States v. Hall*, 632 F.3d 331, 336 (6th Cir. 2011) (citation omitted). "But a

---

[2]The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, deter criminal conduct, protect the public, and provide the defendant appropriate treatment; sentencing ranges and other considerations set forth by pertinent Guidelines or policy statements; avoiding unwarranted sentencing disparities; and providing restitution to victims. 18 U.S.C. § 3553(a).

sentencing court need not" make such an explicit reference "if there is some other evidence in the record that it considered the section" and the court makes "generally clear the rationale under which it has imposed the consecutive sentence . . . ." *Id.* at 335–36 (citations omitted).

King asserts that the district judge erred by failing to explicitly mention the applicable policy statement[3] and by inadequately explaining the reasons for imposing a consecutive sentence. Both arguments fail. First, while the district judge did not explicitly reference § 7B1.3(f) during the sentencing proceedings, the record nonetheless demonstrates that he considered it. The judge indicated that he read the information presented in the supervised release violation report, which contained a lengthy explanation of the relevant statutory and Guidelines provisions, including U.S.S.G. § 7B1.3(f). Additionally, the judge responded to the Government's argument that King should receive a consecutive sentence of twenty-four to thirty months for the supervised release violation with the clarification, "You think I should give him 24 months *on top o*f the Guideline range [for the drug convictions]?" (emphasis added). The Government affirmed, "Yes, your Honor. That's what the Government is requesting." Finally, after the district judge announced King's sentence, he explained that the sentence for the supervised release violation was "recommended to go on top of" the Guidelines-range sentence for the underlying drug convictions. These statements all demonstrate that the district judge considered, without explicitly mentioning, the relevant Guidelines provisions and policy statements, and that he understood that he had discretion to run the sentences either consecutively or concurrently.

Additionally, the record does not demonstrate any error in the adequacy of the district judge's explanation for imposing a consecutive sentence. Before announcing King's sentence, the district judge explained that he considered "the purposes of [§ 3553(a)], . . . the Guideline range, . . . the nature and circumstances of the . . . crime that [King] pled guilty to, [and his]

---

[3]King argues that the district court was required to consider U.S.S.G. § 5G1.3(d), but "that provision does not apply to sentences imposed for violations of supervised release"; instead, it "applies to sentences for convictions that occur while a defendant is on supervised release, not a supervised release violation itself." *United States v. Cochrane*, 702 F.3d 334, 347 n.1 (6th Cir. 2012) (internal citations omitted). The relevant policy statement in this case is U.S.S.G. § 7B1.3(f). *See id.*; *Johnson*, 640 F.3d at 208 n.8.

history and characteristics . . . ." The judge told King that he had a "significant history of drug possession and drug use," which demonstrated that he was "not learning much in the drug area," and emphasized that King needed "to come to a point where [he] [could] kind of get a handle on [his] life and . . . find a way to move forward in a positive way." And although the judge looked favorably on the fact that King earned his GED while previously incarcerated and explained that King could not "be blamed" for his difficult upbringing, the judge nonetheless concluded that King had "to be held responsible for what" he had done. Finally, after announcing King's terms of imprisonment, the district judge elaborated further. He told King:

> So you're going to have a total of 36 months total. And that's a blessing. You may not know it. But, you—you were facing the possibility of having the two years of supervised release, which is recommended to go on top of your [30-month sentence for the drug convictions] . . . . So you've tried to fashion it so it's not as onerous as it could be.
>
> . . .
>
> So the overall sentence is going to be 36 months custody . . . . I'm confident that this sentence meets the requirements of 3553(a) . . . .
>
> . . .
>
> And so I feel comfortable that this sentence is enough. It's sufficient.

This explanation makes adequately clear that the judge believed an aggregate thirty-six-month sentence satisfied the goals of § 3553(a). And it demonstrates that the judge's discussion of the length of King's aggregate sentence was, permissibly, "intertwined" with the determination that the terms of imprisonment should run consecutively. *Johnson*, 640 F.3d at 208; *see also United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009) ("Requiring district courts to conduct a separate Section 3553(a) analysis for the concurrent or consecutive nature of the sentence would be repetitious and unwarranted, and we hold that district courts have no such distinct obligation."). King fails to show that the lack of further explanation specific to the consecutive nature of his sentences was error at all, let alone a "plain" one.

Still, despite the district judge's lengthy commentary, King suggests that the district judge's explanation was plainly erroneous because the judge did not explicitly respond to a one-sentence argument King raised in his sentencing memorandum. In his memorandum, King pointed out that the Sentencing Guidelines assigned him two additional criminal history points

for violating the law while on supervised release, which increased the sentencing range for his drug convictions. He asserted that, due to the additional criminal history points on his drug convictions, a concurrent term of imprisonment for the supervised release violation would satisfy the § 3553(a) factors. But the district judge's failure to expressly respond to this brief and "conceptually simple" argument was not plain error. *Rita v. United States*, 551 U.S. 338, 358 (2007). "[A] sentencing judge is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing." *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008) (citations omitted). This argument likewise fails to show any error in the judge's explanation.

**III.**

For these reasons, we **AFFIRM** the district court's sentence.