NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0373n.06

No. 18-3654

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 22, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| MICHAEL POWELL, | ) | **OPINION** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Michael Powell pleaded guilty to his role within a large drug conspiracy. On appeal, Powell challenges the sufficiency of his guilty plea and his sentencing enhancement as a career criminal. Regarding the latter, we held Powell's appeal in abeyance when our Court granted en banc review in *United States v. Jeffery Havis*, No. 17-5772, which cast doubt on Powell's qualifying drug offense and the government's reliance on *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012). We have now decided *Havis*—explaining that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes"—abrogating *Evans*. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam). As a result, we affirm the district court's decision regarding Powell's guilty plea, but in light of *Havis*, we reverse the district court's decision on Powell's sentence.

## I.

A federal grand jury indicted Powell—along with sixteen other individuals—as part of a conspiracy to distribute cocaine. The investigation focused on Dona Battle, who would obtain powder cocaine, cook it into crack cocaine, and then distribute the crack around northern Ohio.[1] When Battle needed to find powder cocaine at a better price, he contacted Powell. Powell introduced Battle to new cocaine sources in the Akron, Ohio area. And he played the role of middleman for two transactions between Battle and his sources.

Powell pleaded guilty to his role in the conspiracy, but he did not have a written plea agreement with the government. At sentencing, the district court considered Powell's long history with drugs and crime, which included ten convictions ranging from trafficking in cocaine to disorderly conduct. These convictions caused the district court to sentence Powell as a career criminal—ultimately sentencing Powell to 140 months in prison. Powell now raises two issues on appeal: one with his guilty plea and one with his sentence.

## II.

Powell argues that the district court lacked a factual basis to accept his guilty plea. Because Powell did not make this objection with the district court, we review it for plain error. *See United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010). "This is a demanding standard." *United States v. King*, 914 F.3d 1021, 1024 (6th Cir. 2019). And it means that Powell must show an error

---

[1] We recently affirmed Battle's sentence. *United States v. Battle*, 769 F. App'x 260, 262–65 (6th Cir. 2019).

that was so "obvious or clear" and "so plain that the trial judge was derelict in countenancing it.'" *Id.* (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (quotation marks omitted)).

Powell argues that, before accepting his plea, the district court never discussed the difference between powder cocaine and crack cocaine (also known as "cocaine base"). Powell maintains that he provided Battle with only powder—and never crack. So according to Powell, when he entered his plea, he unknowingly pleaded guilty to conspiracy to distribute crack cocaine (which was charged) rather than powder cocaine (which was not charged). This objection stems from Powell's presentence investigation report ("PSI"), which he received after his plea. Powell claims that his PSI was the first time anyone mentioned crack cocaine. (*See* Powell PSR, R. 262 ¶ 25 ("According to the agent, Powell was involved with $1,250 worth of crack cocaine, which is estimated to be equal to 12.5 grams.").)

Powell voiced his concern at his sentencing hearing, where he explained that "before I took my plea, . . . I told [the government] 'I don't sell crack.'" (Powell Sentencing Tr., R. 410 at 3–4.) And the government assured Powell that it "didn't have [him] for crack." (*Id.*) But when Powell received his PSI, it contained references to crack cocaine.

The government agreed with Powell and explained that the reference to "crack" in the PSI was a mistake:

> I think there may have been a communication involving another source of supply, but we have no evidence that Mr. Battle received crack cocaine from Mr. Powell. It was just his role to provide him with powder cocaine or others that could provide Mr. Battle with powder cocaine and then Mr. Battle would cook it and create crack cocaine.

(*Id.* at 5.) The government then explained Powell's correct role in the conspiracy: "Mr. Powell's involvement was, in essence, as a supplier and/or an assistant in supplying powder cocaine to Mr. Battle in which he later cooked into crack." (*Id.* at 15.) The FBI also confirmed Powell's role: "My agent has just advised me that that the statement [in the PSI] is correct[ ] except for the word 'crack' cocaine. It was cocaine—$1,250 worth of cocaine." (*Id.* at 6.) The district court said it would correct the mistake: "The PSI may refer to crack. We will correct it by interlineation." (*Id.* at 15.) And it reiterated Powell's role in the conspiracy, explaining that "Mr. Powell was involved with powder which was later cooked by Mr. Battle into crack." (*Id.* at 15.)

Powell agreed with this explanation and fix. So even though Powell never directly sold crack, Powell admitted that he conspired with Battle to distribute crack cocaine by providing him with necessary powder cocaine. Powell also admitted that he voluntarily joined and participated in this drug conspiracy—and that he knew he was possessing and distributing a controlled substance. (Powell Plea Tr., R. 400 at 7; Factual Basis, R. 184 at 4–7.) This is enough to support his guilty plea on plain error review. *United States v. Garcia*, 252 F.3d 838, 844 (6th Cir. 2001).

Further, the district court did not commit any error (much less plain error) by clarifying the factual basis for Powell's plea at his sentencing hearing. "In reviewing whether a district court had a factual basis for a plea, . . . we 'may examine the entire record, including proceedings that occurred *after* the plea colloquy.'" *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010) (quoting *United States v. McCreary-Redd*, 475 F.3d 718, 722 n.1 (6th Cir. 2007)). Thus, the district court properly corrected the "powder versus crack cocaine" misunderstanding before sentencing Powell. We affirm the district court's decision regarding Powell's guilty plea.

**III.**

Powell also challenges whether his prior conviction under Ohio Revised Code § 2925.03 qualifies as a controlled substance offense under the Sentencing Guidelines. If it does not, then Powell's enhancement as a career criminal was error.

Before our decision in *Havis*, the problem for Powell was that we already answered this question: "a conviction under [Ohio Revised Code § 2925.03(A)(1)] categorically qualifies as a controlled substance offense under" the Sentencing Guidelines. *Evans*, 699 F.3d at 868. Indeed, the government's entire argument, correctly at that time, was that "*Evans* is and remains binding authority and forecloses Powell's attempt to revisit that holding here." (Appellee's Br. at 61.)

But in *Havis*, we declined to defer to the Sentencing Commission's commentary, "which adds attempt crimes to the list of controlled substance offenses." *Havis*, 927 F.3d at 386. In other words, our "en banc court determined that attempt crimes no longer qualify as controlled substance offenses for purposes of the career offender enhancement." *United States v. Garrett*, No. 18-3816, 2019 WL 2443145, at *1 (6th Cir. June 11, 2019) (per curiam). So we reversed the defendant's sentence because his Tennessee conviction could not enhance his sentence "[b]ecause the least culpable conduct covered [by the statute] is attempted delivery of a controlled substance." *Havis*, 927 F.3d at 385.

We therefore vacate the district court's decision on Powell's sentence and remand for the limited purpose of resentencing Powell in light of *Havis*.[2]

---

[2] To be sure, on remand, the government is not prevented from arguing that Powell's conviction under § 2925.03 still qualifies as a predicate offense for other reasons, including reasons not addressed in *Havis*. *See United States v. Baker*, 559 F.3d 443, 455 (6th Cir. 2009).