NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0213n.06

Case Nos. 21-5730/5731

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 01, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MARCUS PAGE, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: GIBBONS, McKEAGUE, and THAPAR, Circuit Judges.

**McKEAGUE, Circuit Judge.** Defendant Marcus Page appeals his consecutive sentences for distributing drugs and violating conditions of supervised release. For the reasons explained below, we affirm the district court.

**I**

Marcus Page was arrested in 2019 for selling drugs in violation of federal law. When he was arrested, Page was serving a term of supervised release for a 2009 federal conviction for distribution of cocaine base and being a felon in possession of a firearm. Five months prior to the arrest, Page had violated the conditions of his supervised release and had been sentenced to time served for those violations.

In December 2020, Page pled guilty in an amended plea agreement to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He initially entered a

plea agreement in June 2020 that included a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a sentence of 156 months that would run concurrently to the sentence for the supervised release offense. The Guidelines ranges were 151–188 months for the drug violation and 24–30 months for the supervised release violation. The Guidelines advised that the sentences run consecutively.

Before Page could be re-arraigned, his case was reassigned to a district judge who does not accept binding plea agreements under Rule 11(c)(1)(C). Page and the government amended the agreement to include those terms as recommendations under Rule 11(c)(1)(B).

At sentencing, the court accepted the recommendation that Page receive a 156-month sentence for his drug offense, stating that it had considered "the [§] 3553 factors, the nature and circumstances of the offense, [and] the history and characteristics" of Page. R. 65, P. 217–18. But the court rejected the recommendation that Page's sentence for violating supervised release run concurrently, noting that the Guidelines recommend consecutive sentences for such violations and that the offenses cause different harms. Page was sentenced to 30 months for the supervised release violation, to run consecutively to his 156-month drug sentence. He did not object. Page appeals, challenging his sentence on procedural and substantive reasonableness grounds.

## II

Page claims that the court procedurally erred by ordering his sentence for violating supervised release to run consecutively to, rather than concurrently with, his sentence for drug distribution. He argues that the court's consideration of the § 3553(a) factors was insufficient and that it relied too much on a single factor.

Page did not object to any procedural defect at sentencing, so we review his claim of procedural unreasonableness for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th

Cir. 2008) (en banc). To meet that standard, Page must show "(1) error (2) that was obvious or clear, (3) that affected [Page's] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. King*, 914 F.3d 1021, 1024 (6th Cir. 2019) (quoting *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010)). This standard is "demanding." *Id.* A district court has discretion to impose a consecutive sentence so long as it has (1) consulted the applicable Guidelines or policy statements, (2) considered the sentencing factors under 18 U.S.C. § 3553(a), and (3) made "generally clear the rationale" for its decision. *Id.* at 1025 (quoting *United States v. Hall*, 632 F.3d 331, 336 (6th Cir. 2011)). Here, the court did not plainly err when sentencing Page.

The court consulted the applicable Guidelines, noting that "[t]he guidelines suggest that a violation of supervised release not run concurrent" even though "the [drug] crime was the basis of the violation." R. 65, P. 220. That statement correctly summarizes the Guidelines recommendation that

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

The court also adequately considered the § 3553(a) factors. At the sentencing hearing, Page's attorney emphasized the relatively small amount of drugs involved and short period of criminal conduct; Page's immediate acceptance of responsibility for his actions; his distant criminal history and difficult background of early childhood addiction; his strong employment history; and his family and community support. After being presented with this information, the court stated that it "looked at the 3553 factors, the nature and circumstances of the offense, the

history and characteristics of the defendant," and accepted the 156-month sentence recommendation for the drug offense. R. 65, P. 217–18. Page argues that the district court ignored those same factors a short time later when it sentenced Page for violating supervised release. This is an inaccurate representation of the court's decision. In fact, the court again considered the nature and circumstances of the offense, noting that Page had been "placed on supervised release to demonstrate that he had the desire and the ability to conform his conduct in accordance with the law [and] [h]e was making progress toward returning to his position as a law-abiding and productive member of society" until he "violat[ed] the orders of this Court." R. 65, P. 220. It was unnecessary for the court to repeat the other § 3553(a) factors that it had already considered. Courts are not required to engage in a "ritual incantation" of the factors, *United States v. Smith*, 505 F.3d 463, 467–68 (6th Cir. 2007) (citation omitted), or to repeat them in a way that "would be repetitious and unwarranted," *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009).

Finally, the court made generally clear its rationale, explaining that Page "committed violations separate from the [drug] crime" and that "the harm was to the dignity and the authority of this Court." R. 65, P. 220. When imposing a within-Guidelines sentence, the court need not explicitly restate and reject every argument made by the defendant. *Id.* at 340–41; *United States v. Sweeney*, 891 F.3d 232, 239 (6th Cir. 2018). And the court does not have to give a fuller explanation "just because the government elects not to oppose" the requested downward variance. *Berry*, 565 F.3d at 341. The court's explanation here, although brief, was reasonable and did not constitute plain error.

## III

Page also argues that his consecutive sentence is substantively unreasonable, making largely the same arguments already addressed. He additionally claims that his sentence is higher than similarly situated defendants, reinforcing its unreasonableness.

We review the substantive reasonableness of Page's sentence "under a deferential abuse of discretion standard." *See United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quoting *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007)). A substantively reasonable sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing in light of the § 3553(a) factors." *United States v. Nunley*, 29 F.4th 824, 834 (6th Cir. 2022). However, if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor[,]" then that sentence is unreasonable. *United States v. Small*, 988 F.3d 241, 259 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 191 (2021) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

To begin, Page's sentence is within the Guidelines range, so it is presumed reasonable. *See United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). The decision to order the sentence to run consecutively also comports with the Guidelines. *See* § 7B1.3(f).

Moreover, the sentence is not arbitrary because the court gave a reasoned explanation. The court acknowledged Page's request "that the punishment for this violation be run concurrent" and that "the government has no objection" to a concurrent sentence. R. 65, P. 220–21. The court then exercised its discretion to order that the sentences run consecutively rather than concurrently because the supervised release "violations [are] separate from the [underlying] crime" and "the harms to society are different." *Id.* at P. 220. Page makes much of the fact that the district court

relied on the § 3553(a) factors to impose a low-end Guidelines sentence on the drug crime, but a high-end Guidelines sentence on the supervised release violation. But the fact that a violation causing a different harm resulted in a different balancing of the § 3553(a) factors does not render a sentence unreasonable. *See United States v. Chambers*, No. 21-1331, 2022 WL 612805, at *4 (6th Cir. Mar. 2, 2022). The district court did not abuse its discretion in deciding that "the severity of the breach [of trust], in light of the leniency in trust the court had extended him" justified the sentence here. *United States v. Johnson*, 640 F.3d 195, 204 (6th Cir. 2011); *see also United States v. Morton*, 843 F. App'x 699, 706 (6th Cir. 2021). Page violated his conditions of supervised release imposed for committing a drug crime by committing another drug crime, and he did so after being granted a lenient time-served sentence for violating conditions of supervised release five months earlier.

Page argues that the court relied on impermissible factors when determining his sentence. Although harm to "the dignity and the authority of [the] Court" is not explicitly listed in § 3553(a), it goes to "the need for the sentence imposed . . . to promote respect for the law," among other factors. § 3553(a)(2)(A). The court did not give this factor impermissible weight because the Guidelines expressly instruct that "at revocation the court should sanction *primarily* the defendant's breach of trust." U.S.S.G. Ch. 7, Part A(3)(b) (emphasis added). We have explained that "[a] district court may place great weight on one factor if such weight is warranted under the facts of the case." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). And the court had already sufficiently considered the other relevant § 3553(a) factors in its discussion of Page's sentence for the drug crime which was the basis for his supervised release violation.

Finally, Page argues that his sentence is unreasonable because he contends it is higher than those of similarly situated defendants. Even if that is true, there is no requirement that the court

consider sentencing statistics before issuing a sentence. *United States v. Hymes*, 19 F. 4th 928, 935–936 (6th Cir. 2021). Thus, it was not an abuse of discretion for the district court to decide that Page has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence.

## IV

For these reasons, we affirm the sentence imposed by the district court.