NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0203n.06

Nos. 24-3583/3584

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 15, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| JOHN LUIS GUEVARA-ROSADO, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: MOORE, GIBBONS, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. While on supervised release for violating the federal drug laws, John Guevara-Rosado continued to traffic in cocaine. He pleaded guilty to new drug crimes and admitted that he had violated the terms of his supervised release. The district court imposed separate prison terms for the new offenses and for the supervised-release violation. On appeal, Guevara-Rosado challenges the court's explanation of its decision to run these separate sentences consecutively rather than concurrently. But he did not raise this objection in the district court. And the court committed no obvious error in the way that it explained the sentences. We affirm.

I

In 2016, federal border agents caught Guevara-Rosado trying to smuggle cocaine into Puerto Rico from St. Thomas in the U.S. Virgin Islands. He pleaded guilty to a federal drug

offense. The district court in Puerto Rico sentenced Guevara-Rosado to 57 months' imprisonment and 3 years' supervised release.

Guevara-Rosado's term of supervised release began in March 2022. He moved in with relatives in Ashtabula, Ohio. So an Ohio district court took jurisdiction over his supervised release.

Almost a year later, in February 2023, postal inspectors began to track a suspicious package mailed from Puerto Rico to Ashtabula. Officers obtained a warrant to open this package and discovered about 500 grams of cocaine. They coordinated a controlled delivery to the package's destination. Eduard Gerena picked up the package at the assigned address, and police stopped him with it a short time later. Gerena implicated Guevara-Rosado in drug trafficking. Guevara-Rosado later admitted to facilitating the shipment of the intercepted cocaine and an earlier package.

This conduct triggered a fresh round of criminal proceedings. In a new case, the government charged both Guevara-Rosado and Gerena with conspiring to distribute cocaine and possessing cocaine with the intent to distribute it. In Guevara-Rosado's supervised-release case, a probation officer alleged that his drug trafficking violated the terms of his supervised release. Guevara-Rosado pleaded guilty to the two new counts. He also admitted to the supervised-release violation.

The district court held a combined sentencing hearing for both of Guevara-Rosado's cases. He had a guidelines range of 33 to 41 months' imprisonment for the new drug crimes and 24 to 30 months' imprisonment for the supervised-release violation. Ultimately, the court imposed a 30-month sentence for the former offenses and a 24-month sentence for the latter one. It chose to run these two sentences consecutively and required Guevara-Rosado to serve a total of 54 months' imprisonment.

II

Guevara-Rosado raises one argument on appeal. He asserts that the district court imposed a "procedurally" unreasonable sentence because it did not adequately explain why it chose to make the 24-month sentence for his supervised-release violation run consecutively to the 30-month sentence for his new drug crimes. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). But Guevara-Rosado concedes that he did not make this argument in the district court even after the court asked if he had any final objections. So we review this claim for plain error. *See United States v. King*, 914 F.3d 1021, 1024 (6th Cir. 2019).

We start with the ground rules for the claim. District courts often impose more than one sentence when a defendant commits more than one offense. In most cases, they have discretion over whether to run these multiple sentences "concurrently or consecutively." *Id.* at 1024–25; *see United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011); 18 U.S.C. § 3584(a). When exercising this discretion, courts generally must consider the sentencing factors in 18 U.S.C. § 3553(a), including any relevant policy statements issued by the Sentencing Commission. 18 U.S.C. §§ 3553(a)(5), 3584(b); *see King*, 914 F.3d at 1025. In one of these policy statements, the Commission has recommended that sentences for supervised-release violations run "consecutively to" other sentences that courts impose. U.S.S.G. § 7B1.3(f); *see id.* § 5G1.3(d) & cmt. n.4(C); *United States v. Hinojosa*, 67 F.4th 334, 347 (6th Cir. 2023). Although this recommendation does not bind the courts, they should give it respectful consideration. *See Johnson*, 640 F.3d at 208; 18 U.S.C. § 3553(a)(5). Yet they need not explicitly cite § 7B1.3; they need only "make generally clear" why they exercised their discretion in the way that they did. *Hinojosa*, 67 F.4th at 347 (citation omitted); *see King*, 914 F.3d at 1025.

The district court committed no "obvious" errors under this framework. *King*, 914 F.3d at 1024 (citation omitted). To start, the court clarified that it had considered the Sentencing Commission's recommendation to run sentences for supervised-release violations consecutively to other sentences. Sent. Tr., No. 22-cr-690, R.20, PageID 117, 119. While recognizing that this recommendation was merely "advisory," the court found the "advice" "appropriate" for Guevara-Rosado's crime. *Id.*, PageID 124. And its path to this conclusion was "generally clear" under the § 3553(a) factors. *Hinojosa*, 67 F.4th at 347 (citation omitted). Among other things, the court highlighted that Guevara-Rosado's current crime was "his second federal offense involving trafficking cocaine" and that "[h]is prior sentence did not deter him from further drug crimes." Sent. Tr., No. 22-cr-690, R.20, PageID 116. It added that the current offense involved a "substantial amount of cocaine," a drug that does "a great deal of harm" to the community. *Id.* In short, the need for "adequate deterrence" drove the court's thinking. 18 U.S.C. § 3553(a)(2)(B).

Guevara-Rosado's responses all come up short. He first suggests that the court wrongly failed to mention U.S.S.G. § 5G1.3, citing our decision in *United States v. Hall*, 632 F.3d 331 (6th Cir. 2011). But *Hall* did not concern the way in which a court should impose a federal sentence for a supervised-release violation when (as in this case) the court also imposes a federal sentence for a new crime. Rather, it addressed the way in which a district court should consider whether to run a federal sentence consecutively to a state sentence. *See Hall*, 632 F.3d at 335–36; *see also Johnson*, 640 F.3d at 208 n.8. The court must, of course, consider any special rules that apply in that context. *See Hall*, 632 F.3d at 335–36 (discussing U.S.S.G. § 5G1.3(c)). Here, though, § 5G1.3's commentary merely reiterates what § 7B1.3(f) conveys: that the Sentencing Commission "recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3 cmt. n.4(C). And the court said that

4

it had considered this advisory recommendation. Guevara-Rosado cites nothing else in § 5G1.3 that applied in this supervised-release context and that the court overlooked.

Guevara-Rosado next claims that the district court's consecutive sentences "amount to excessive punishment" because his new federal drug offenses and his supervised-release violation both arose from the same cocaine trafficking. Appellant's Br. 15–16. Although Guevara-Rosado claims to raise only a procedural-reasonableness claim, this argument sounds more like a substantive-reasonableness challenge because it attacks his sentence as "too long" under the sentencing factors in § 3553(a). *Parrish*, 915 F.3d at 1047 (citation omitted). Giving him the benefit of the doubt, then, we will treat this claim as a substantive-reasonableness challenge that we review for an abuse of discretion. *Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (2020). Yet Guevara-Rosado received a within-guidelines sentence, so we presume its reasonableness. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc); *see also Gall v. United States*, 552 U.S. 38, 40 (2007). And his challenge lacks merit because he overlooks a critical difference between the two sentences. The court's sentence for the supervised-release violation punished him not for the *new* drug offenses but for the "breach of the court's trust" when releasing him from prison for his *earlier* drug offense. *Hinojosa*, 67 F.4th at 347 (citation omitted); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000).

Guevara-Rosado also argues that his sentence is too long because his earlier offense played an "outsized" role. Appellant's Br. 16. That offense did not just affect the length of his prison term for the supervised-release violation; it also represented his only criminal history points for calculating the guidelines range for his new offenses. Yet the district court did not look exclusively to his prior crime in its balancing of the § 3553(a) factors. It also expressed reasonable concerns with Guevara-Rosado's return to drug dealing so soon after his release from prison for that prior

offense. And it recognized his mitigating factors, including his health struggles and small child. The court thus properly considered all the circumstances when choosing a 54-month sentence. *See Johnson*, 640 F.3d at 209. And Guevara-Rosado's conclusory argument about his prior drug offense falls well short of establishing the unreasonableness of this within-guidelines prison term.

We affirm.