NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0339n.06

Case Nos. 24-5716/5767

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 11, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BRADLEY JUSTIN LAWSON, | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: THAPAR, NALBANDIAN, and READLER, Circuit Judges.

THAPAR, Circuit Judge. Bradley Lawson pled guilty to conspiring to distribute methamphetamine and admitted to violating the terms of his supervised release. The district court sentenced him to consecutive terms of imprisonment. He argues that decision was substantively unreasonable. Because it wasn't, we affirm.

I.

In 2016, Bradley Lawson pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. Despite his advisory Guidelines range of 135–168 months in prison, he was sentenced to 98 months in prison, followed by five years of supervised release.

Six months after Lawson's release, police found large quantities of methamphetamine in Lawson's hotel room and a gun in his car. So they arrested him, and he pled guilty to conspiring to distribute methamphetamine yet again. He also admitted that he violated the terms of his supervised release, which prohibited him from dealing drugs and possessing a gun.

The district court sentenced Lawson to 180 months in prison on the methamphetamine count. It also imposed a consecutive twelve months and one-day sentence for Lawson's supervised-release violation.

Lawson appealed.

## II.

Lawson argues that the district court's decision to impose a consecutive rather than concurrent sentence for his supervised-release violation was excessive and disproportionate. That's a challenge to the substantive reasonableness of his sentence. The "essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010).

Section 3553 requires courts to consider things like the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public. 18 U.S.C. § 3553(a). Appellate courts evaluate whether a sentence is substantively unreasonable under a deferential, abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court's discretion extends to decisions about running sentences concurrently or consecutively. *United States v. King*, 914 F.3d 1021, 1024–25 (6th Cir. 2019).

Lawson's sentence was not substantively unreasonable. For his methamphetamine offense, Lawson faced a statutory minimum sentence of 180 months and a Guidelines range of 262 months to 327 months. He received the minimum sentence.

For his supervised-release violation, Lawson faced a guidelines range of 24 to 30 months. He received a sentence of twelve months and one day. Thus, for each offense, Lawson received a

below-guidelines sentence, which is presumptively reasonable. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (order).

What's more, Lawson committed his offense while he was on supervised release. That breached the court's trust. Lawson violated his supervised-release conditions by trafficking methamphetamine and possessing a gun immediately after his release from imprisonment— conduct strikingly similar to his first crime. Still, the district court gave him variances down. But to ensure he was punished for both breaching the court's trust and violating the law, the court imposed consecutive sentences. That is not an abuse of discretion.

Lawson makes several counterarguments, but none succeeds. The first is that his consecutive sentence was duplicative and unnecessary. But, as explained above, the sentence for Lawson's supervised-release violation punished a different harm than his methamphetamine sentence—a breach of trust. So the district court didn't abuse its discretion when it decided that Lawson's second harm merited a second, consecutive sentence.

Next, Lawson emphasizes that he has mitigating circumstances: exemplary military service that led to combat-related injuries, which in turn caused PTSD and traumatic brain injuries. He also says he participated in drug rehabilitation and peer counseling programs during his prior stint in prison. Lawson is correct that his service to our nation was laudable. He also points to his rehabilitative efforts, which ordinarily would be something to be proud of. Unfortunately, they didn't stop him from committing his present offenses. In the end, Lawson's argument merely asserts that the district court should've balanced the sentencing factors differently. And on appeal, Lawson needs more to rebut the presumption that his below-guidelines sentence was reasonable. *United States v. Price*, 901 F.3d 746, 752 (6th Cir. 2018).

Finally, Lawson argues his sentence is too harsh because the Sentencing Guidelines are based on bad policy. The Guidelines say that people who distribute pure methamphetamine should receive harsher sentences than those who distribute mixtures. U.S.S.G. § 2D1.1(c). Lawson says that's a mistake, since he reports that almost all methamphetamine distributed today is pure. But this argument fails because a district court *can* consider the discrepancy, but it need not do so. *United States v. Brooks*, 628 F.3d 791, 799–800 (6th Cir. 2011). So the district court didn't need to consider the underlying policy at all.

\*

We affirm.