NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0103n.06

Case Nos. 22-5697/5698

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 04, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| DEMETRIUS BURT CATCHING, | ) | O P I N I O N |
| Defendant-Appellant. | ) | |
| | ) | |

Before: McKEAGUE, LARSEN, and RITZ, Circuit Judges.

McKEAGUE, Circuit Judge. While on federal supervised release, Demetrius Catching was distributing drugs and laundering the illicit proceeds through gambling transactions. He admitted to violating the terms of his supervision and pled guilty to two new federal offenses. Finding no error in the district court's resulting sentences, we **AFFIRM**.

**I.**

In 2011, Demetrius Catching pled guilty to distributing cocaine base. He was sentenced to 60 months' imprisonment, followed by a four-year term of supervised release.

Not long after he completed his prison term, marijuana and money were found in vehicles that Catching was either riding in or driving. As a result, the district court revoked Catching's supervised release and ordered him to serve an additional prison term. But we later vacated that

order, and Catching's supervised release was reinstated. *See United States v. Catching*, 786 F. App'x 535, 543 (6th Cir. 2019).

About a year and a half later, Catching again found himself in potential legal trouble. A controlled garbage collection at Catching's residence led to a search of his home, which turned up about 27 pounds of suspected marijuana packed in large plastic bags, about 4 pounds of suspected marijuana edibles, a digital scale, a money counter, large denomination money wraps, and cash. Photos on Catching's phone indicated that he was engaged in the importation and distribution of marijuana. And receipts, bank records, and informant interviews revealed that Catching was laundering the illicit proceeds of his drug trafficking by placing large wagers (sometimes personally, and sometimes through associates) at several out-of-state casinos.

All that led to new federal charges and triggered a violation of Catching's supervised release in his 2011 case. He pled guilty to distributing marijuana and conspiring to commit money laundering offenses. And he admitted to violating the terms of his supervision.

The district court held a joint sentencing and supervised release revocation hearing.[1] It imposed two within-Guidelines sentences—93 months for the new offenses and 55 months for violating the terms of his supervised release. And it ordered those sentences to run consecutive to each other, as well as any term of imprisonment imposed in a separate federal case from the Middle District of Pennsylvania. Despite being given the opportunity, Catching did not object to the sentences. And this appeal followed.

---

[1] The transcript for the joint sentencing and revocation hearing is filed in both Case No. 21-cr-46 and Case No. 11-cr-109. For ease, when citing to the transcript, this opinion references only R. 117 in Case No. 21-cr-46.

**II.**

Catching now challenges his sentences on three fronts. He argues that the district court (1) considered impermissible factors in deciding to revoke his supervised release, (2) failed to adequately explain why it ran his revocation sentence consecutive to his new sentence, and (3) imposed a substantively unreasonable sentence for his new offenses.

**A.**

First, Catching argues that the district court considered impermissible factors in revoking his supervised release. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (to fashion a procedurally reasonable sentence, a district court must "refrain from considering impermissible factors"). Catching did not object on this basis below, so we review only for plain error. *United States v. Patterson*, 158 F.4th 700, 702 (6th Cir. 2025). To make that "difficult" showing, Catching must point to an error that was plain, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of the proceedings. *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (citation modified).

Catching cannot do so. In determining whether to revoke a defendant's supervised release, district courts must consider most of the factors set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). But some are off limits. A district court, for example, cannot take into account § 3553(a)(2)(A): the need for the sentence imposed to reflect the seriousness of the defendant's underlying offense, to promote respect for the law, and to provide just punishment for the offense. *Esteras v. United States*, 606 U.S. 185, 195 (2025). Put differently, "district courts cannot consider the need to exact retribution for the defendant's original criminal offense when imposing a prison sentence after revoking a term of supervised release." *United States v. Welch*, No. 25-5136, 2026 WL 209787, at *2 (6th Cir. Jan. 27, 2026) (citing *Esteras*, 606 U.S. at 203) (citation modified).

But even after *Esteras*, a district court can consider the seriousness of a defendant's violation conduct as a breach of trust. *See, e.g.*, *Patterson*, 158 F.4th at 702-03 & n.2; *United States v. Sims*, 161 F.4th 455, 459 (6th Cir. 2025) (recognizing that *Esteras* "does not prohibit a district court from considering the seriousness of the supervised-release violation"). And a "court may consider the nature and circumstances of the [underlying] offense as relevant for the considerations set forth in §§ 3553(a)(2)(B), (C), and (D)—namely, deterrence, incapacitation, and rehabilitation" even if it "cannot consider the nature and circumstances of the offense as relevant to § 3553(a)(2)(A)'s retributive focus." *Esteras*, 606 U.S. at 200.

Against that backdrop, Catching asserts the district court erred by considering § 3553(a)(2)(A) in revoking his supervision, although the exact scope of his argument is unclear. *See* Appellant Br. at 9, 13. No matter how his challenge is construed, however, the district court did not plainly err.

First, the district court did not plainly err in considering Catching's new case. To be sure, the court noted the "serious" nature of his new offenses, but that conduct also triggered a supervised-release violation. Sent. Tr., R. 117, PageID 475. And "district courts may consider the seriousness of . . . violation conduct when determining the sanction for the breach of trust associated with a supervised-release violation." *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023). *Esteras* did not change that. *Patterson*, 158 F.4th at 702-03 & n.2. Catching has pointed to nothing suggesting the district court did anything more than that here.

Nor did the district court plainly err in considering Catching's prior criminal conduct. True, the district court alluded to the seriousness of Catching's 2011 conviction, but it did not indicate that it intended to punish Catching for that underlying offense. In fact, it offered almost no detail about that case at all. Instead, throughout the hearing, the district court's focus was squarely on

how Catching's past conduct factored into, among other things, his likelihood of recidivism and the need to provide deterrence—permissible considerations under § 3583(e). *See* Sent. Tr., R. 117, PageID 471-77. And although the district court did mention the need to promote respect for the law and provide just punishment, it did not tie those considerations to the revocation of Catching's supervised release "expressly or by unmistakable implication." *Esteras*, 606 U.S. at 203. A "passing reference to the § 3553(a) factors, without more, does not imply—unmistakably or otherwise—that the district court 'actually relied on § 3553(a)(2)(A).'" *Welch*, 2026 WL 209787, at *3 (quoting *Esteras*, 606 U.S. at 202-03). In fact, the district court was careful to explain (more than once) that the sentencing factors considered when revoking supervised release differ from those considered at initial sentencings. *United States v. Allison*, No. 24-1824, 2025 U.S. App. LEXIS 27132, at *11 (6th Cir. Oct. 17, 2025) (order).

With all that in mind, we cannot say that the district clearly or obviously considered impermissible sentencing factors. *Esteras*, 606 U.S. at 202-03. But even if we were to conclude otherwise, the district court did not emphasize impermissible considerations, so we are not convinced that Catching was prejudiced. *See, e.g.*, *United States v. Owens*, No. 24-3675, 2025 WL 2306589, at *3 (6th Cir. Aug. 11, 2025). Indeed, Catching offers no argument to the contrary. All in all, Catching cannot show the district court plainly erred by relying on impermissible factors in revoking his supervised release.

**B.**

Next, Catching argues that the district court failed to adequately explain why it ran his revocation sentence consecutive to the sentence imposed for his new offenses, although he does not pinpoint how the explanation was lacking. *See Rayyan*, 885 F.3d at 440 (stating that a court must "adequately explain why it chose the sentence" for a sentence to be procedurally reasonable).

Catching lodged no objection with the district court as to the adequacy of its explanation, so we again review only for plain error. *United States v. King*, 914 F.3d 1021, 1024 (6th Cir. 2019).

In most cases, district courts can choose whether to run sentences concurrently or consecutively. 18 U.S.C. § 3584(a). But, in exercising that discretion, they must consider the § 3553(a) factors. *Id.* § 3584(b). That said, because "district courts already look to the § 3553(a) factors to determine a sentence's length," they need not "repeat the § 3553(a) analysis when deciding to impose a consecutive sentence." *United States v. Brown*, 131 F.4th 337, 349 (6th Cir. 2025). Nor must they "state a specific reason for a consecutive sentence." *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (citation modified). Instead, we only require a district court to make "generally clear" its rationale. *Id.* (citation modified). And a district court "is free to intertwine its discussion of the length of the defendant's sentence with its determination that the terms of imprisonment should run consecutively." *Brown*, 131 F.4th at 349 (citation modified); *see King*, 914 F.3d at 1026.

Gauged by those standards, the district court here said enough. It engaged in an extensive analysis of the § 3553(a) factors, and explained that a lesser sentence would "unduly depreciate the offenses." Sent. Tr., R. 117, PageID 476. Its decision to run Catching's sentences consecutive was made "in conjunction with" and "immediately following" that discussion. *Morris*, 71 F.4th at 483 (citation modified). True, the district court did not explicitly invoke U.S.S.G. § 7B1.3(f), which recommends that the court impose a consecutive sentence upon revocation of supervised release. *See King*, 914 F.3d at 1025. But it thoroughly reviewed the § 3553(a) factors, and there is no indication the district court misunderstood its discretion in running Catching's sentences consecutive to each other. *See United States v. Miller*, No. 23-5270, 2025 WL 459648, at *13-14 (6th Cir. Feb. 11, 2025), *cert. denied,* 146 S. Ct. 158 (2025). "Where, as here, the court has engaged

in a lengthy discussion of the sentencing factors in explaining the sentence itself, it is generally clear that the decision to impose a consecutive sentence is based on the same factors." *United States v. Murphy*, 591 F. App'x 377, 386 (6th Cir. 2014) (citation modified). More to the point, the district court "made its consecutive-versus-concurrent decision alongside its § 3553(a) analysis." *Brown*, 131 F.4th at 350. As a result, we see no plain error. *See, e.g., United States v. Barnett*, No. 25-5355, 2025 WL 3244953, at *3 (6th Cir. Nov. 20, 2025).

But even if the district court's explanation was lacking, Catching again fails to explain how that shortcoming affected his sentencing. The "relevant guidelines generally recommend that district courts impose consecutive sentences for supervised-release violations when," as is the case here, "the conduct underlying those violations produced fresh criminal convictions." *United States v. Hinojosa*, 67 F.4th 334, 347 (6th Cir. 2023). Catching recognizes as much in his brief, but he never asked the district court to impose a concurrent sentence. So, in the end, Catching "received the sentence advised by the guidelines, and he has not presented any evidence that the court's error—if indeed there was one—affected his substantial rights." *United States v. Rutherford*, 563 F. App'x 368, 370-71 (6th Cir. 2014). All told, the district court did not plainly err in explaining Catching's consecutive sentences.[2]

## C.

Finally, Catching contends that a 93-month prison term for his new crimes is too long—a substantive reasonableness challenge. A criminal sentence is substantively unreasonable if "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing

---

[2] As we read his brief, Catching appears to limit his challenge to the district court's explanation of why it ran his 93-month sentence consecutive to his 55-month revocation sentence. Indeed, throughout his brief, Catching makes no mention of his federal case from the Middle District of Pennsylvania. Nonetheless, we see no reason why the district court's explanation on that front would amount to plain error either.

the individual." *Rayyan*, 885 F.3d at 442. But, because sentencing is "a matter of reasoned discretion, not math," we review the district court's weighing of the sentencing factors for abuse of discretion. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). And a within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

The district court sentenced Catching to a within-Guidelines 93-month term of imprisonment. Nonetheless, Catching argues that the district court should have given more consideration to his tumultuous upbringing, personal struggle with drug addiction, prior stints of incarceration, and reduced risk of recidivism. To his mind, those mitigating factors point toward a sentence at the lower end of the Guidelines range. But the district court found "no correlation between those issues and the offenses that were committed." Sent. Tr., R. 117, PageID 481-82.

Catching's argument for a shorter sentence, then, "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020) (citation modified). And that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *Id.* (citation modified). Here, Catching's within-Guidelines sentence is reasonable.[3]

### III.

For those reasons, we **AFFIRM** the sentences imposed by the district court.

---

[3] Again, Catching's challenge on this score appears to be limited to his 93-month sentence. Nonetheless, to the extent he intended to challenge the length of his 55-month revocation sentence, it is substantively reasonable for the same reasons.